IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Castle Credit Co. Holding, LLC, | ) | C/A No. 3:17-2591-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Ramona Riley and Roy Riley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on a United States Magistrate Judge's Report and Recommendation ("Report"), recommending that this Court remand the case to the Lexington County Magistrate Court. ECF No. 8. Defendant Roy Riley ("Defendant Riley") has filed Objections to the Report. ECF No. 11. Having reviewed the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the Report and fully incorporates it into this Order.

I.     **Procedural and Factual History**

Plaintiff filed a debt collection action against Defendants in the Lexington County Magistrate Court on May 19, 2017. ECF No. 1-4 at 9–14. The Complaint raises state law causes of action for breach of contract, debt collection, and quantum meruit. ECF No. 1-4 at 10–12. Defendant Riley, proceeding pro se, filed a Notice of Removal[1] in this Court on September 26, 2017, seeking to remove the case to federal court and raise a counterclaim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, ("FDCPA") for damages, costs, and attorneys' fees. ECF No. 1 at 1–4. Defendants filed an "Affidavit in Support of Complaint for

---

[1] The document was captioned a Complaint for Removal. ECF No. 1 at 1.

Removal," which indicates that Defendant Ramona Riley has consented to removal.  ECF No. 1-2 at 1.  The Notice of Removal generally contends that the Court has federal question jurisdiction in this matter.  ECF No. 1 at 2.

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  On October 5, 2017, the Magistrate Judge issued the Report and recommended that the matter be remanded to the Lexington County Magistrate Court for lack of federal jurisdiction.  ECF No. 8.  Defendant Riley filed timely Objections to the Report, which are addressed in turn below.

## II. Legal Standards

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71.  Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report.  28 U.S.C. § 636(b)(1).  From the objections, the Court reviews de novo those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  *Id.*

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998).  Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is federal question jurisdiction under 28 U.S.C. § 1331.  The removal statute, 28 U.S.C. § 1441, allows a state court

2

defendant to remove a case to a federal district court if the state court action could have been

originally filed there. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002).

However, the removing defendant has the burden of establishing subject matter jurisdiction,

*Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a federal

district court may sua sponte remand a case to state court if federal jurisdiction is lacking.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

## III.    Analysis

In the Report, the Magistrate Judge recommends that this Court remand the case because

Defendant Riley has not met his burden of establishing federal subject matter jurisdiction.  To that

end, the Magistrate Judge first found jurisdiction to be lacking because Plaintiff's Complaint

contains no federal question. ECF No. 8 at 3. Defendant Riley objects to this finding and contends

that a federal question was presented pursuant to 5 U.S.C. § 702[2] and the FDCPA.  Defendant

Riley's argument is not persuasive, as this Court's inquiry is focused only on the question of

whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint

without consideration of any potential defenses." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450

(4th Cir. 2004).  This Court has reviewed the Plaintiff's Complaint and is satisfied that the only

claims raised therein are state law claims that implicate no questions of federal law.

The Magistrate Judge also addressed the question of whether there is diversity jurisdiction

pursuant to 28 U.S.C. § 1332 and found jurisdiction to be lacking because Defendants are citizens

of South Carolina.  ECF No. 8 at 3–4.  In his Objections, Defendant Riley variously claims that

---

[2] Defendant Riley appears to allege that judicial review is appropriate under 5 U.S.C. § 702 because the Lexington County Magistrate Court is an administrative agency subject to federal judicial review. Defendant Riley's argument is not grounded in law or fact. *See, e.g., Lujan v. Nat. Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (holding that a "person claiming a right to sue [under 5 U.S.C. § 702] must identify some 'agency action' that affects him in the specified fashion").

Defendants are "consumer[s] and citizen[s] of the united States of America (sic)" and "are American and not a Corporation." ECF No. 11 at 3. However, Defendant Riley does not offer any evidence to dispute the record before the Court, which indicates that Defendants are citizens of the State of South Carolina. In fact, Defendant Riley lists a Columbia, South Carolina address for himself in the Notice of Removal. ECF No. 1 at 4. Therefore, Defendant Riley has failed to carry his burden of establishing federal subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**IV.    Conclusion**

For the foregoing reasons, Defendant Riley has not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, the Court hereby adopts the Magistrate Judge's Report and remands this case to the Lexington County Magistrate Court.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

January 2, 2018
Spartanburg, South Carolina